IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATHERINE SWILLEY, *Plaintiff*, | § § § § | |
| v. | § § | Civil Action No.: 4:25-CV-04125 |
| CITY OF HOUSTON, TEXAS and CHIEF OF POLICE, J. NOE DIAZ, In his official capacity, *Defendants*. | § § § § § | |

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant City of Houston, Texas and Chief of Police, J. Noe Diaz file this their Motion to Dismiss Plaintiff's First Amended Complaint ("Complaint") [Doc. 11] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and, in support thereof, would respectfully show as follows:

## I. INTRODUCTION: NATURE AND STAGE OF PROCEEDING

This is the second federal lawsuit Plaintiff Katherine Swilley has filed against the City of Houston ("City") and its Chief of Police stemming from the same nucleus of alleged facts. In 2008, Swilley was dishonorably discharged from her position as a Senior Police Officer with the Houston Police Department ("HPD"). Swilley appealed her separation before an Independent Hearing Examiner ("IHE"), who upheld the discharge after a full evidentiary hearing. Then, in 2009, Ms. Swilley filed suit in this District and Division against the City of Houston ("City") and the former HPD Chief of Police, under Case No. 4:09-cv-02995 (the "First Lawsuit").[1]

---

[1] Initially, Plaintiff sued HPD Chief of Police Harold Hurtt, in both his official and individual capacities. Later, after Chief Hurtt resigned from HPD, then-Acting Chief Charles McClelland, Jr. was substituted in as a Defendant. Defendants respectfully request this Court to take judicial notice of the pleadings, court orders, and other filings in Case No. 4:09-cv-02995. *See* Fed. R. Evid. 201.

1

The First Lawsuit lodged claims against the City and Chief of Police under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII") and 42 U.S.C. §§ 1983 and 1985. There, as here, Swilley alleged Defendants discriminated against her on the basis of sex, retaliated against her, and violated her rights under the First and Fourteenth Amendments to the United States Constitution. On April 11, 2011, the District Court in the First Lawsuit granted summary judgment in favor of Defendants. Swilley appealed, and the United States Court of Appeals for the Fifth Circuit affirmed the judgment on January 6, 2012.

Now, almost 14 years later, Plaintiff has filed a new lawsuit making identical claims against the City and the current Chief of Police under Title VII and § 1983. Once more, Plaintiff urges her claims of employment discrimination and constitutional violations. Plaintiff also contends that the City engaged in fraud on the court during the First Lawsuit. All these claims were either asserted—and dismissed on the merits—in the First Lawsuit, or they derive from the same nucleus of operative facts as the First Lawsuit. Therefore, the claims against Defendants are barred by *res judicata*, and should be dismissed, with prejudice. Additionally, and in the alternative, Plaintiff's suit should be dismissed because she has failed to allege facts which state any plausible claim for relief against Defendants.

## II. STATEMENT OF THE ISSUES TO BE RULED ON BY THE COURT

1. Whether Plaintiff has stated a claim against Defendants for which relief can be granted.

2. Whether Plaintiff's claims against Defendants are precluded by res judicata.

3. Additionally, and in the alternative, whether Plaintiff's claim for fraud is barred by the four-year statute of limitations.

4. Additionally, and in the alternative, whether Plaintiff has alleged a viable cause of action for "post-employment retaliation."

5. Whether Chief Diaz is entitled to dismissal of the official capacity claims against him because they are subsumed into the claims against the City.

## III. STANDARD OF REVIEW: MOTION TO DISMISS UNDER RULE 12(b)(6)

A trial court may dismiss a complaint pursuant to Rule 12(b)(6) if the pleading fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007)

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *and see Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

"When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *Iqbal*, 556 US at 678; *and see Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim.") (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 544.

A court ruling on a 12(b)(6) motion typically cannot look beyond the pleadings and the documents attached thereto. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). But the court may also consider documents that are referred to in the plaintiff's complaint and are central to his claims. *Id*. at 498-99. Additionally, the court may take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). These documents merely assist the court "in making the elementary determination of whether a claim has been stated," and do not convert [a Rule 12(b)(6)] motion into one for summary judgment." *Collins*, 224 F.3d at 499; *Cinel*, 15 F.3d at 1343 n.6.

If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper. *Kansa Reinsurance Co., Ltd. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994). This includes preclusive affirmative defenses like res judicata and collateral estoppel *See Stevens v. St. Tammany Parish Gov't*, 817 F.4th 563, 571 (5th Cir. 2021). Dismissal based on res judicata is reviewed de novo, as is any other dismissal under Rule 12(b)(6). *Id*. at 570.

4

Here, Defendants respectfully request the Court to take judicial notice of the publicly available documents attached as Exhibits A-H to this motion. The documents from the First Lawsuit establish that the claims asserted by Plaintiff have already been adjudicated by a court of competent jurisdiction and were deemed to be not plausible. Additionally, and in the alternative, Plaintiff's current Complaint fails to allege facts supporting essential elements of her causes of action against Defendants. Therefore, her claims should be dismissed, as a matter of law.

## IV.  ARGUMENTS AND AUTHORITIES

**A.  Plaintiff's claims against Defendants are precluded by res judicata.**

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Stevens*, 17 F.4th at 570; *Test Masters Educ. Srvcs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The test for res judicata has four elements:

(1) The parties are identical or in privity;

(2) The judgment in the prior action was rendered by a court of competent jurisdiction;

(3) The prior action was concluded by a final judgment on the merits; and

(4) The same claim or cause of action was involved in both actions.

*Test Masters*, 428 F.3d at 571. "The critical issue is whether the two actions are based on the 'same nucleus of operative facts.'" *Id.* (quoting *New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000).

Here, the elements of res judicata are apparent on the face of the pleadings. *See Stevens*, 17 F.4th at 571. Plaintiff's Complaint acknowledges she initiated "prior litigation" against HPD which was disposed of on summary judgment, although she omits the fact that the summary judgment was affirmed on appeal. *See* Complaint, ¶ 88.

The publicly available pleadings, filings, and orders in the First Lawsuit further support res judicata. In that lawsuit, as here, the Plaintiff was Katherine Swilley; Defendants were the City of Houston and the Chief of Police, in his official capacity. *See* **Ex. A, B.**

The same nucleus of operative facts forms the basis of the claims in both actions – Plaintiff's dishonorable discharge from HPD because she violated several departmental policies, including a policy against untruthfulness. The facts are summarized in pages 2-4 of the Fifth Circuit's Judgment. **Ex. G.** Notably, while Plaintiff now alleges that the IHE never affirmed her discharge from HPD, the Fifth Circuit found that he did. *Compare id*., p.4 *with* Complaint, ¶ 29.

Not only are the factual claims the same in both lawsuits, Plaintiff asserted the same causes of action in both cases: alleged violations of the First and Fourteenth Amendments, § 1983, and Title VII. *See* **Ex. B**, ¶¶ 34-37, 59. Plaintiff pursued those causes of action by asserting the same theories that she does here.

Plaintiff alleged in the First Lawsuit, as she does here, that HPD improperly "pressured" her to sign a waiver of her EEOC discrimination charge, and retaliated against her when she withdrew the waiver. *See* **Ex. B**, ¶¶ 16-17, 22-24; Complaint, ¶¶ 15, 16, 52-57, 75-77, 96, 102-05. She complained that a male comparator, Sgt. Michael Cox, was "faced with the same waiver scheme" as her. *See* **Ex. C**, ¶IV.C.2; **Ex. D**, pp. 41-45; Complaint, ¶¶ 17, 63, 83, 103. In the First Lawsuit, and here, Plaintiff also complained that HPD submitted a "false," discriminatory and retaliatory F-5 separation report to the Texas Commission on Law Enforcement which stated she was "dishonorable discharged based on termination for an administrative violations of untruthfulness or insubordination."[2] **Ex. B**, ¶ 25; Complaint, ¶¶ 4, 6, 18, 20, 24, 36-39, 46, 57-62,

---

[2] Even if Plaintiff's complaint regarding the F-5 Report were not precluded by *res judicata*, this Court lacks subject-matter jurisdiction to adjudicate any matters related to the F-5, for reasons fully briefed in Defendants' 12(b)(1) Motion to Dismiss, filed contemporaneously with this motion.

66-73, 78, 84-85, 87, 94-95, 102, 104, and 109-112. There, as here, Plaintiff alleged that her dismissal, F-5, and documents in her employment file created an unlawful "stigma-plus liberty interest violation," which impacted her future employment with other law enforcement agencies. **Ex. B**, ¶¶ 39, 41; **Ex. C**, ¶ IV.D.3; **Ex. F**, p. 35; Complaint, ¶¶ 67-73.

While Plaintiff did not expressly allege a claim of "fraud on the court" in the First Lawsuit, she moved to strike the same certification by former HPD Chief of Police Harold Hurtt that she now claims is fraudulent. **Ex. C.**, ¶ II.B.1; Complaint, ¶¶ 62, 88. In the First Lawsuit, Plaintiff submitted a Declaration in which she asserted, repeatedly, that there was "a genuine issue of material fact" regarding whether Chief Hurtt was "telling the truth." **Ex. E**. The District Court found however, that there was "no evidence to show that Houston's reason for her termination was pretextual." **Ex. F**, pp. 16, 20. The Fifth Circuit agreed. **Ex. G**, p.6, ¶ 2.

The judgment in the First Lawsuit was rendered initially by the United States District Court for the Southern District of Texas, Houston Division, and affirmed by the Fifth Circuit, both undoubtedly courts of competent jurisdiction: *See* **Ex. F, G**. The final judgment on appeal included the following rulings on the merits:

1. Swilley's Title VII discrimination claim is "without merit." "Swilley was not qualified for the position at issue because she was affirmatively unwilling to comply with the basic organizational mandate for her position." **Doc. G**, p. 5

2. The district court correctly granted summary judgment on Swilley's retaliation claims under both Title VII and the First Amendment. The evidence established that Swilley made multiple untruthful statements during Internal Affairs Investigations, in violation of HPD policy, which was a legitimate nonretaliatory reason for her termination. *Id.*, pp. 4, 6, 7.

7

3. "Swilley's due process claim fails because she was provided two-pre-termination *Loudermill* hearings at which she was represented by counsel and a post-termination hearing where she was again represented by counsel." *Id.*, pp. 6-7. Further, she has "not shown an official policy to violate her equal protection rights." *Id.*, p.7. Because Plaintiff did not establish any Constitutional violation, the § 1983 claim was properly dismissed. *Id.*

Thus, all elements of res judicata are established by the facts pleaded in Plaintiff's Complaint and the judicially noticed documents from the First Lawsuit. *See Stevens*, 817 F.4th at 571; *Test Masters*, 428 F.3d at 571; *Kansa Reinsurance Co.*, 20 F.3d at 1366. Plaintiff is precluded from bringing her claims against the City and its Chief of Police a second time. Plaintiff's Complaint should be dismissed, as a matter of law.

**B.      Statute of Limitations – Fraud**

Plaintiff seeks to collaterally attack the judgment in the First Lawsuit by alleging that Defendants perpetrated a fraud on the court. Even if this allegation were not barred by *res judicata*, it is still not a viable claim because it is untimely raised. The "fraud on the court" claim is based on Plaintiff's termination letter and F-5 Report, both of which were created in 2008, and also on the sworn statements provided in the First Lawsuit, which terminated in 2012. *See* Complaint, ¶¶ 21, 87-91. Additionally, Plaintiff accuses Defendants of altering the Independent Hearing Examiner's "Brief"[3] affirming the termination of her employment, which also issued in 2008. *See* Complaint, ¶¶ 25-26, 29-30; **Ex. G**, p.4

The statute of limitations for fraud, including fraud on the court, is four years. *See Martin v. Sanford*, No. Civ. A. 3:03-CV-1835, 2004 WL224589, *6 (N.D. Tex. Jan. 29, 2004); *and see In*

---

[3] Presumably, she is referring to the Award

*re Lawler*, 50 B.R. 110, 116 (Bankr. N.D. Tex. 1985) ("An independent action for fraud may not be entertained if there was an opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action.") (internal citations omitted). Plaintiff has not alleged any statement was made by Defendants in any court within the past 4 years, much less that such statements were fraudulent. Defendants are entitled to summary judgment on the fraud claim.

C. **Plaintiff has not alleged a viable cause of action for "post-employment retaliation."**

Plaintiff alleges that, because her HPD employment file contains records of her dishonorable discharge, Defendants commit a fresh violation of her rights every time they provide those records to a new prospective employer. Complaint, ¶¶ 4, 39, 57, 60-61, 68-72. This allegation fails from the get-go because the First Lawsuit conclusively established that nothing in Plaintiff's employment file violated her constitutional or statutory rights. *See* **Ex. F**, pp. 20, 25, 34, 36 (discussing the record evidence).

Plaintiff seems to contend that Defendants should have revised her F-5 separation report when the Texas Occupations Code was amended in 2023. *See* Complaint, ¶ 4, 38. Even if Plaintiff's 2008 F-5 fails to comport with the current version of the Occupations Code (which Defendants deny), there is nothing in the 2023 amendments which required law enforcement agencies to revise old reports so they would align with any new statutory language. *See Robinson v. Crown Cork & Seal Co., Inc.* 335 S.W.3d 126, 138-139 (Tex. 2010) (discussing the presumption against retroactive legislation because "the rules should not change after the game has been played."). Further, as discussed in Defendants' companion motion under Rule 12(b)(1), the Occupations Code provides an exclusive administrative remedy for aggrieved former peace officers to contest their F-5 separation reports. To the extent any remedy is available to Plaintiff regarding her F-5, she must pursue it with the Texas Commission on Law Enforcement, and not here.

Additionally, and in the alternative, Plaintiff has not alleged that she exhausted her Title VII administrative remedies with respect to any recent unlawful act by the City. "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *See Garcia v. Penske Logistics, L.L.C.,* 631 F. App'x 204, 207 (5th Cir. 2015). The plaintiff must file her charge with the EEOC within 300 days of the alleged unlawful act, and must file her civil suit within ninety days of receiving a right-to-sue-letter. *Id*. at 207-08 (citing 42 U.S.C. § 2000e–5(f)(1); *Baldwin Cty. Welcome Ctr. v. Brown,* 466 U.S. 147, 149–50 (1984)). *See also Anderson v. City of Dallas*, 116 Fed. Appx. 19, 25 (5th Cir. 2004).

Plaintiff contends that she was denied employment opportunities in 2015, 2018, 2021, 2023, and 2025, but she has not alleged that she lodged any charge for discrimination or retaliation with the EEOC as a result of those denials. Nor has Plaintiff alleged that she received a statutory notice of right to sue, or that she filed this lawsuit within 90 days of his receipt of same. Therefore, the Title VII claim should be dismissed for failure to exhaust administrative pre-requisites, as well as for the reasons set forth above.

**D. Chief Diaz is Entitled to Dismissal**

Defendant J. Noe Diaz is the current Chief of Police for HPD. He has served in that position since August 14, 2024. Prior to that, he was not employed by Defendant City of Houston ("City"). *See* **Ex. H**. As such, Chief Diaz had nothing to do with Swilley's termination from the City, and Plaintiff has not alleged that he did.

Plaintiff brings suit against Chief Diaz solely in his official capacity as the current Chief of Police. *See* Complaint, ¶ 13. But "official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Goodman v. Harris Cnty*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting *Monell v. Dept. of Social Svcs.*, 436 U.S. 658, 691–95

(1978)). Thus, the official capacity-suit against Chief Diaz is incorporated within the identical claims against the City and should be dismissed. *See id.* at 396; *Bright v. City of Killeen, Texas*, 532 F. Supp. 3d 389, 399 (W.D. Tex. 2021). This is true both for the claims under § 1983 and Title VII. *See Zeng v. Tex. Tech Univ. Health Sci. Ctr. at El Paso*, 836 F. App'x 203, 208 (5th Cir. 2020).

## VI. CONCLUSION

Plaintiff Katherine Swilley has failed to state a claim against Defendants City of Houston and Noe Garcia for which relief can be granted. All the claims alleged are precluded by *res judicata*. Additionally, and in the alternative, the claims should be dismissed because Plaintiff has not pleaded any operative facts to support those claims against the Defendants. Plaintiff has already amended her complaint once, and she has not asserted any meritorious claims. This frivolous lawsuit should be dismissed, and Plaintiff should not be permitted to amend again.

WHEREFORE, Defendants City of Houston and Noe J. Garcia respectfully request the Court to issue an Order dismissing Plaintiff's First Amended Complaint, with prejudice, and for all such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

ARTURO G. MICHEL
City Attorney

DEIDRA SULLIVAN
Chief, Labor, Employment & Civil Service Section

By: */s/ Marjorie L. Cohen*
MARJORIE L. COHEN
Senior Assistant Attorney
State Bar No. 24031960
Fed. ID No. 34303
Marjorie.Cohen@houstontx.gov
Tel. (832) 393-6457
ATTORNEY-IN-CHARGE

CITY OF HOUSTON LEGAL DEPARTMENT

P.O. Box 368  
Houston, Texas 77001-0368  
Tel: (832) 393-6491  
Fax: (832) 393-6259

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF CONFERENCE**

I certify that I conferred with Plaintiff's counsel Courtney A. Vincent regarding the relief requested by this motion and that she is opposed to the same.

/s/*Marjorie L. Cohen*  
Marjorie L. Cohen

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Motion to Dismiss was served to Plaintiff's counsel of record via CM/ECF on November 6, 2025, in accordance with the Federal Rules of Civil Procedure.

Courtney A. Vincent  
Vincent Law, PLLC  
1035 Dairy Ashford, Suite 145  
Houston, Texas 77009  
info@vincentlawpllc.com  
**Attorney for Plaintiff**

/s/*Marjorie L. Cohen*  
Marjorie L. Cohen